# THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **RITCHIE CRAWLEY** | **CIVIL ACTION NO. 05-2108** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Plaintiff Ritchie Crawley's appeal from a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits. On August 25, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 11] recommending that the Court remand the decision of the Commissioner for further consideration.

No objections to Magistrate Judge Hayes' Report and Recommendation have been filed. Further, the Court agrees with and ADOPTS her statement of the law and her analysis in this matter. The Court issues this Ruling for the limited purpose of clarifying the basis of remand.

In considering Social Security appeals, the Court is limited by 42 U.S.C. § 405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *McQueen v. Apfel*, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla, but need not be a preponderance. *Falco v. Shalala*, 27

F.3d 160, 162 (5th Cir. 1994). A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. *Fraga v. Bowen*, 810 F.2d 1296 (5th Cir. 1987). The Court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983).

In *Shalala v. Schaefer*, the Supreme Court stated that sentence four and sentence six of 42 U.S.C. § 405(g) provide the exclusive methods by which district courts may remand social security cases to the Commissioner. 509 U.S. 292, 296-97 (1993). Sentence four of 42 U.S.C. § 405(g) provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."[1]

In this case, for the reasons stated in Magistrate Judge Hayes' Report and Recommendation, the Court finds that the Commissioner's decision is not supported by substantial evidence in the record and, therefore, remands pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Hayes' Report and Recommendation.

MONROE, LOUISIANA, this 17th day of October, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Sentence six of 42 U.S.C. § 405(g), which provides for a remand upon motion of the Commissioner for good cause shown, is not applicable to the present case.